

FILED
JAN 1 2 2026
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OKLAHOMA

DEANN GOUDY-BARTOLOTTA, Plaintiff,

v.

CERTIFIED SOURCE PERFORMANCE GROUP, Defendant.

Case No. 26 CV - 023 CVE - CDL

COMPLAINT AND JURY DEMAND

Plaintiff Deann Goudy-Bartolotta, proceeding pro se, alleges the following and provides her filing information as required by NDOK rules:

I. JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213, as amended.
2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a), which incorporates the enforcement provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5.
3. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Oklahoma Civil Rights Enforcement ("OCRE"), Oklahoma's Fair Employment Practices Agency.
4. Plaintiff exhausted all required administrative remedies and received a Notice of Right to Sue from the EEOC on January 5, 2026, in connection with EEOC Charge No. 31B-2023-00003.
5. Venue is proper in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in Claremore and Tulsa, Oklahoma.

II. PARTIES

1. Plaintiff Deann Goudy-Bartolotta is an Oklahoma resident who was employed by Defendant in Claremore, Oklahoma. Her address, telephone number, and email for purposes of this filing are:
2. 363 North 434, Pryor, OK 74361
3. Telephone: 903-565-9993
4. Email: deanngoudy@gmail.com
5. Defendant Certified Source Performance Group is an employer doing business in Oklahoma and is subject to the ADA.
6. Defendant may be served through its registered agent, c/o Dillon Hollingsworth Barrow & Grimm, 110 W. 7th Street, Suite 900, Tulsa, Oklahoma 74119.

III. FACTUAL ALLEGATIONS

1. Plaintiff was employed by Defendant as a Regional Recruiter for the Oklahoma Territory and concurrently as an On-Site Recruiter at the Claremore office.

✓ Mail   ___ No Cert Svc   ___ No Orig Sign
___ C/J   ___ C/MJ   ___ C/Ret'd   ___ No Env
✓ No Cpys   ___ No Env/Cpys   ___ O/J   ___ O/MJ

fees due
∅ Summons

2. Plaintiff worked under a hybrid schedule, performing both on-site and remote work to fulfill the dual responsibilities of her roles.
3. Plaintiff consistently met or exceeded performance expectations and was qualified to perform the essential functions of her position with reasonable accommodations.
4. On August 12, 2022, Plaintiff suffered a serious medical emergency while employed by Defendant, requiring emergency room treatment and hospitalization.
5. On August 12 and 16, 2022, Plaintiff notified Defendant's corporate office and her Performance Manager, Rachel Rodolph, of her emergency room visit, hospitalization, and need for medical leave.
6. Plaintiff experienced severe and debilitating symptoms, including difficulty breathing and walking, extreme pain, and cardiac complications.
7. Plaintiff suffered a mild heart attack, believed to be associated with congestive heart failure, and remained under active medical evaluation and treatment.
8. Plaintiff's medical condition substantially limited one or more major life activities and constituted a disability within the meaning of the ADA.
9. On August 22, 2022, Rodolph demanded medical documentation and a projected return-to-work date.
10. Plaintiff promptly provided a physician's note excusing her from work through September 5, 2022, explaining that medical supervision and medication adjustments were required.
11. On August 29, 2022—the same day Plaintiff submitted the requested documentation—Rodolph terminated Plaintiff's employment.
12. Later that same day, Rodolph rescinded the termination and placed Plaintiff on medical leave through September 5, 2022.
13. The termination and rescission caused Plaintiff significant emotional distress and uncertainty while she was hospitalized and recovering.
14. On September 6, 2022, Defendant's owner, Rocky Wilkerson, formally approved Plaintiff's request for reasonable accommodations, including permission to attend medical appointments one to two times per month.
15. Despite approving accommodations, Defendant subjected Plaintiff to heightened scrutiny, questioned her attendance, and treated approved medical leave as a negative employment factor.
16. On September 27, 2022, Defendant terminated Plaintiff's employment, citing alleged productivity and attendance deficiencies.
17. During an interview with OCRE, Wilkerson admitted that Plaintiff's approved medical leave and disability were factors in his decision to terminate her employment.
18. Defendant alleged Plaintiff failed to meet a quota of 65 interviews per month but refused to provide supporting documentation during the investigation.
19. OCRE's investigation confirmed that Plaintiff averaged approximately 77 interviews per month in 2022, exceeding the alleged quota.
20. Defendant further alleged Plaintiff missed 251 hours of work by improperly counting approved medical leave as absenteeism, including inflating figures with 128 hours of approved leave.
21. Defendant provided inconsistent and shifting explanations regarding Plaintiff's job structure, falsely denying that Plaintiff was permitted to work remotely or on a hybrid schedule.
22. Defendant allowed a non-disabled employee, Monica Stauffer, in a comparable recruiter role to work remotely for approximately two months following a workplace incident.
23. Plaintiff and Stauffer held similar positions and hybrid schedules; however, Plaintiff was denied equivalent flexibility because of her disability.
24. OCRE confirmed that Stauffer was permitted to work remotely while Plaintiff was denied the same accommodation.

Deann Goudy-Bartolotta
363 N. 434, Pryor OK 74361
903-565-9993

2

25. Following its investigation, OCRE issued a Reasonable Cause Determination finding that Defendant discriminated and retaliated against Plaintiff and authorized conciliation under the Oklahoma Anti-Discrimination Act.

IV. CLAIMS FOR RELIEF

COUNT I – Disability Discrimination (ADA, 42 U.S.C. § 12112)

1. Plaintiff incorporates all preceding paragraphs.
2. Plaintiff was a qualified individual with a disability within the meaning of the ADA.
3. Defendant discriminated against Plaintiff on the basis of disability by terminating her employment and subjecting her to adverse employment actions.

COUNT II – Failure to Accommodate (ADA, 42 U.S.C. § 12112(b)(5)(A))

1. Plaintiff incorporates all preceding paragraphs.
2. Defendant failed to engage in the interactive process and failed to provide reasonable accommodations for Plaintiff's known disability.

COUNT III – Retaliation (ADA, 42 U.S.C. § 12203)

1. Plaintiff incorporates all preceding paragraphs.
2. Defendant retaliated against Plaintiff for engaging in protected activity, including requesting medical leave and accommodations.

COUNT IV – Disability Discrimination and Retaliation (Oklahoma Anti-Discrimination Act)

1. Plaintiff incorporates all preceding paragraphs.
2. Defendant is an employer subject to the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, §§ 1101 et seq. and 1501 et seq.
3. Defendant discriminated and retaliated against Plaintiff because of her disability in violation of Oklahoma law.
4. OCRE issued a Reasonable Cause Determination and authorized conciliation pursuant to Okla. Stat. tit. 25, § 1506.6.

V. DAMAGES

1. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including back pay, front pay, loss of earning capacity, medical expenses, emotional distress, out-of-pocket losses, and pre- and post-judgment interest.
2. Defendant's conduct was willful and in reckless disregard of Plaintiff's rights, justifying compensatory and punitive damages where permitted by law.

VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for compensatory damages; back pay and front pay; emotional distress damages; costs; reasonable attorney's fees incurred for consultation, mediation, or settlement-related legal assistance (if applicable); injunctive and equitable relief; a jury trial; and all other relief deemed just and proper.



Deann Goudy-Bartolotta
303 N. 434 Pryor, OK 74361
903-565-9993

3

VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: 1/9/2026

*Deann Goudy Bartolotta*

Signature of Plaintiff, Pro Se

Deann Goudy-Bartolotta Plaintiff, Pro Se

PRO SE FILING 363 North 434 Pryor, OK 74361 Telephone: 903-565-9993 Email: deanngoudy@gmail.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

St. Louis District Office
1222 Spruce St, Rm 8 100
St Louis, MO 63103
Telephone: (314) 798-1960
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/05/2026

To: Ms. Deann C. Goudy
363 N. 434
Pryor, OK  74361

Charge No: 31B-2023-00003

| | |
|---|---|
| EEOC Representative and email: | Joseph Wilson; State, Local & Tribal Program Manager & joseph.wilson@eeoc.gov |

### NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: David Davis
01/05/2026
David Davis
District Director

Please retain this Notice for your records.



